ROGERS, Respondent, vs. FATE, Appellant.

*January 31—February 18, 1902.*

*Judgments by default: Refusal to vacate: Discretionary orders.*

Where the trial court has, in the exercise of its discretion, refused
to consider as meritorious excuses of a party for failure to at-
tend an examination under sec. 4096, Stats. 1898, and has there-
upon entered judgment, as upon a default, and, on the same
excuses, has refused to vacate such judgment, such ruling will
not be set aside, unless there appears to be a plain abuse of dis-
cretion.

APPEAL from a judgment and an order of the circuit court
for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This action was at law to recover an alleged agreed balance
due from the defendant to the plaintiff upon accounting and
settlement of partnership affairs, the complaint being duly
verified. A verified answer setting up various defenses had
been served, and, the cause being at issue, was noticed for
trial at the June, 1901, term of the circuit court for Dane
county, and afterward, by agreement of parties, set for trial
on the 17th day of July, within that term. On that day de-
fendant's attorneys presented an informal certificate from a
physician to the effect that the defendant, on the previous
day, had been overcome by heat, and was not in a condition to
attend court, and the cause was continued to the 22d day of
July. On the same day the plaintiff gave notice and served
subpœna for the examination of the defendant, under sec.
4096, Stats. 1898, at 9 o'clock of the 22d day of July, before
a court commissioner. On the morning of the 22d of July,
defendant's attorneys appeared in court and produced a cer-
tificate from defendant's physician in Chicago, where he re-
sided, asserting health condition inconsistent with his appear-
ance, and obtained a further continuance to the 25th, upon
the payment of $10 as continuance fee. The defendant's at-

torneys also appeared before the commissioner and informed him of the defendant's health condition. No adjournment was had of that examination, and upon the expiration of the day the commissioner certified to the circuit court the notice and subpœna and the failure of the defendant to appear and submit to the examination.' On the 24th of July, plaintiff obtained and served order to show cause why defendant's answer should not be stricken out and judgment given against him by default, returnable the following day before the circuit court, based upon the certificate of the commissioner and plaintiff's affidavit of substantially the foregoing facts, and further asserting, upon information and belief, that defendant had no intention of trying the case, and that his inability to attend was fictitious. Defendant did not appear on the 25th, but his attorneys did, and made further showing, by their own affidavit and the certificate of defendant's Chicago physician, that he was ill, and had been advised that he could not travel and must not attend court, and that the latter would be injurious to him. On that morning the continuance fee for the 22d was paid to the plaintiff. Thereupon the court entered an order that the answer of the defendant be stricken out, and that judgment be given against him in favor of the plaintiff, as upon default. Thereafter, on July 29th, judgment was entered in favor of the plaintiff against the defendant for $1,092.48, the amount claimed in the complaint, and for costs, which were taxed on the 2d of August, upon notice to the defendant's attorneys, and notice of the entry of judgment was served on them on the 6th of August. The June term was adjourned *sine die* on September 9th, and the September term commenced on September 16th. On the 13th of September the defendant procured and served an order to show cause why the default and judgment should not be opened, and the defendant permitted to defend, returnable before the circuit court on September 16th, the first day of the new term. This was based upon affidavits of the defendant,

his Chicago physician, Hotchkin, and an affidavit of his attorney attached thereto, and also upon certain specified affidavits filed at the time of the several adjournments, together stating substantially the facts above narrated. The plaintiff produced extended affidavit of his own when the motion was finally heard, September 30, 1901, narrating all of the circumstances preceding the taking of the default and the entry of judgment. From these affidavits it also appeared that the defendant in fact left Chicago on the 25th day of July for a voyage upon Lake Michigan and Georgian Bay, and was gone some ten days. The motion to vacate the default and judgment was denied. Defendant appeals both from the judgment and from the order refusing to open the same.

*Henry T. Sheldon,* attorney, and *F. W. Hall,* of counsel, for the appellant.

*George W. Bird,* for the respondent.

DODGE, J. The appeals in this case must both be resolved upon the rule of deference to the superior opportunity of the circuit court to view and fully understand the situation, and consequent controlling effect of the exercise of discretion by that court. While it is not to be denied that the record as presented here seems to show a fairly good excuse for the failure of the defendant to attend before the court commissioner for examination on July 22d, and for the neglect from which resulted the default and judgment pronounced against him, yet whether those excuses were made in good faith, or were merely evasions and trifling with the court, was before the circuit judge for consideration; and while the written evidence now before us of any such view is slight, yet it is not entirely wanting, and we cannot feel justified in saying that it was impossible for the circuit court, in the exercise of the broad discretion there vested, and of the various facts, circumstances, and events within its knowledge, and shown by its records, to conclude that defendant's absence from July 17th

to July 25th, inclusive of the 22d, was not excusable. Being thus unable to deny the possibility that the court, without abuse of discretion, reached the conclusion he did, we must refuse to set aside his action.

*By the Court.*—Both judgment and order appealed from are affirmed.