LINKER, Respondent, vs. BATAVIAN NATIONAL BANK and another, Appellants.

*December 5, 1955—January 10, 1956.*

486

For the appellants there were briefs and oral argument by *Hubert V. Fuller* of La Crosse, attorney, and *J. Gilbert Hardgrove* of Milwaukee of counsel.

For the respondent there was a brief by *Bosshard & Arneson* of La Crosse, attorneys, and *Clifford G. Mathys* of Madison of counsel, and oral argument by *Mr. Philip G. Arneson* and *Mr. Mathys*.

STEINLE, J.   Numerous are the reasons assigned by the defendants for setting aside the judgment and for the grant-

ing of a trial upon the issues of fact and law in the cause. The plaintiff vigorously resists the defendants' attempt to reopen and vacate the judgment upon any of such bases. In the main the defendants' contentions are as follows: The complaint does not state a cause of action upon which a default judgment can be placed; there was in full force and effect at the time of the entry of the judgment an order of a court commissioner granting defendants time to answer; the defendants appeared in this action within the twenty days required by the summons and again after receiving notice of application for default judgment which should have entitled them to present their defense; the court failed to grant defendants "short leave to amend or plead" as required by sec. 270.14, Stats.; there was pending and undetermined at the time of the entry of judgment a motion requiring plaintiff to make his complaint more definite and certain, and no default judgment could properly be entered while this motion was pending; the complaint was not properly verified; the order for judgment is not supported by evidence; there was no default in failing to file an answer for the reason that time had been granted by the plaintiff for answer beyond the date at which plaintiff initiated proceedings to obtain judgment by default; that any default that there may have been, was waived; that negligence, if any such existed, in failing to file an answer was due to conduct on the part of the defendants' attorneys and was excusable; the judgment is invalid for the reason that it is in excess of the amount demanded in the complaint and directs delivery of shares of stock admittedly not in existence at the time of the alleged conversion; the court's decision is based upon conjecture and not facts; the court erred in ruling that the defendants have no meritorious defense; the denial of leave to answer or otherwise plead constituted error and an abuse of discretion.

Application for a default judgment according to the demand of a complaint may be addressed to the court, and such judgment may be entered. Sec. 270.62 (2), Stats. The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. Sec. 270.57. *Good v. Schiltz* (1928), 195 Wis. 481, 218 N. W. 727. A default judgment may be rendered for the amount claimed in the complaint, but not for a greater amount. 49 C. J. S., Judgments, p. 379, sec. 214 c.

In the case at bar the plaintiff in his complaint prayed for the recovery of the possession of the stock or for the sum of $30,349, the value thereof. The court granted judgment in the alternative for the delivery of the stock and for $14,898.24, damages for retention, or in case delivery cannot be had, then for $49,897.95, the value of the property, in addition to $14,898.24, damages for retention. The amount ordered to be paid under the terms of the judgment is considerably in excess of the money damages demanded in the complaint. Upon such basis alone the judgment cannot be permitted to stand.

Previous to the opening of the fall term, the court took under advisement both the application for default judgment and the motion to make the amended complaint more definite and certain. Although no satisfactory reason appears of record regarding the counsels' action in extending the time to answer, nevertheless, in view of the agreement between the counsel that the defendants were privileged to interpose answer within such time that the case could be heard at the fall term and which was beyond the date at which the plaintiff initiated proceedings to obtain judgment by default, that arrangement was bound to be respected. Had the court promptly determined the motion to make the amended complaint more definite and certain, it is clear, that whether such motion had been granted or denied, with short-term leave granted to plead as provided in sec. 270.14, Stats., sufficient

time would have existed to have enabled the defendants to plead to the amended complaint, issue to be joined, and the case ready for trial at the fall term. The delay occasioned subsequent to the time when the court took the matters under advisement is not to be charged to counsel or to the parties. Under the circumstances we are constrained to hold that there was prejudicial error on the part of the court in not specifically determining the defendants' motion to make the amended complaint more definite and certain, and in not granting to the defendants short leave to plead.

In view of these conclusions we find no necessity for determining the other points raised by the defendants in their challenge of the validity of the judgment and the order.

*By the Court.*—Cause remanded with directions to set aside the judgment, render a determination with respect to the motion to make more definite and certain, afford opportunity of short leave to plead, and for further proceedings according to law. No costs are awarded to either party.