Larry J. MARTIN, Plaintiff-Respondent,

v.

John Francis GRIFFIN, III, and The Aetna Casualty & Surety Co., Defendants,

MILBANK MUTUAL INS. CO., Defendants-Appellants.†

Court of Appeals

*No. 83–595. Submitted on briefs November 18, 1983.—*
*Decided January 10, 1984.*
(Also reported in 344 N.W.2d 206.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Hanft, Fride, O'Brien & Harries, P.A.* and *John R. Baumgarth* of Duluth, Minnesota.

For the respondent the cause was submitted on the brief of *Doar, Drill & Skow, S.C.* and *Ardell W. Skow* of Baldwin.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Milbank Mutual Insurance Co. appeals a default judgment awarding Larry J. Martin $150,000 damages.  Milbank contends that the trial court abused its discretion in issuing its order striking Milbank's untimely answer and granting a default judgment.  Milbank argues that its failure to answer for over nine months was due to excusable neglect and that, as an excess insurer, it probably would not be liable under its policy limits for any of the damages claimed in Martin's complaint.  Milbank contends that even if a default judgment is proper, this court should reverse that part of the judgment dismissing the other defendants and instruct the trial court to limit Milbank's liability according to provisions it alleges are contained in its policy issued to defendant John Francis Griffin, III.  Finally, Milbank contends that the trial court erred by not allowing it a contested or evidentiary hearing on the issue of damages.

Because the record indicates that Milbank's neglect was not excusable as a matter of law, the trial court correctly struck the untimely answer.  Without a valid answer, Milbank is deemed by law to have admitted, without qualification, Martin's allegation that it covered Griffin's liability for negligence.  The trial court was not required to grant Milbank a hearing on the issue of damages and could properly dismiss the other defendants.  We therefore affirm the judgment.

Martin filed suit against Griffin, Aetna Casualty and Surety Co., and Milbank, alleging that he suffered damages resulting from a car-motorcycle collision involving himself and Griffin.  At the time of the collision, Milbank insured Griffin, who drove another person's car insured by Aetna.  Milbank was properly served with a complaint alleging that, at the time of the collision, Milbank "had

in effect a liability insurance policy covering John Francis Griffin, III, against liability imposed upon him by law for damages caused by his negligent acts," and that Martin suffered $150,000 damages caused by Griffin's negligence. Milbank was also served with a summons indicating that it was required to serve an answer to the complaint upon Martin's attorneys, at a stated address, within twenty days of the date of service, "and in case of . . . failure so to do, judgment will be rendered . . . according to the demand of the complaint."

The summons and complaint were served on January 8, 1982. On October 11, 1982, Martin moved for a default judgment against Milbank. Milbank filed an answer on October 19, 1982.

Milbank's claims supervisor responsible for handling Martin's complaint indicated by affidavit that, following receipt of the summons and complaint, he investigated the matter and concluded erroneously that Aetna's answer was sufficient to protect Milbank and its insured. Milbank alleges that this conclusion was based on the belief that Aetna was the primary insurer and provided coverage exceeding the damages demanded in the complaint. The supervisor's affidavit indicated that Milbank "writes no coverage" in Wisconsin or in any state allowing insurance companies to be sued directly or requiring them to answer complaints involving their insureds. The supervisor stated that as soon as he realized, "on or about October 12, 1982," that Milbank was required to answer, he referred the matter to counsel.

A default judgment may be rendered if no answer has been served by the defendant within twenty days after service of the complaint. Sections 806.02, 802.06(1) and 801.09, Stats. When a late answer is filed, the trial court must first grant a motion to strike the answer as untimely before entering a default judgment. *Reynolds v.*

*Taylor,* 60 Wis. 2d 178, 179, 208 N.W.2d 305, 306 (1973). In this case, granting Martin's motion to strike Milbank's answer was simply a step in the process of granting a default judgment against Milbank. The propriety of the trial court's decision to strike the untimely answer depends upon whether Milbank's failure to answer was the result of excusable neglect. *See Hedtcke v. Sentry Insurance Co.,* 109 Wis. 2d 461, 468, 326 N.W.2d 727, 731 (1982). The excusable neglect standard for determining whether to strike an untimely answer is substantially equivalent to the excusable neglect standard for granting a default judgment. *Id.* at 467–68 n. 2, 326 N.W.2d at 730–31 n. 2. The question of whether the trial court in its discretion could reasonably conclude that there was no excusable neglect for failing to file a timely answer will therefore be resolved in our review of the default judgment.

The decision to grant a default judgment is, like the decision to vacate a default judgment, addressed to the discretion of the trial court, *see Willing v. Porter,* 266 Wis. 428, 429–30, 63 N.W.2d 729, 731 (1954), and should be reversed only upon a clear abuse of discretion, *see Maier Construction, Inc. v. Ryan,* 81 Wis. 2d 463, 472, 260 N.W.2d 700, 704 (1978). The trial court should bear in mind that the law views default judgments with disfavor. *See Hedtcke,* 109 Wis. 2d at 469, 326 N.W.2d at 731. Even if the evidence favoring a default judgment is slight, however, an appellate court should affirm unless it was impossible for the trial court to grant the judgment in the exercise of its discretion. *See Rogers v. Fate,* 113 Wis. 364, 366–67, 89 N.W. 186, 187 (1902).

The exercise of discretion requires a record of the trial court's "reasoned application of the appropriate legal standard to the relevant facts in the case." *Hedtcke,* 109 Wis. 2d at 471, 326 N.W.2d at 732. The trial court failed

to record such reasoning in this case. Nevertheless, an appellate court may examine the record to determine whether the facts support the trial court's decision. *Id.*

Milbank argues that the trial court abused its discretion because its failure to file a timely answer was due to an honest mistake or excusable neglect as would allow relief from judgment. *See* sec. 806.07(1)(a), Stats. In determining the existence of honest mistake or excusable neglect, the basic question is whether the dilatory party's conduct was excusable under the circumstances, "since nearly any pattern of conduct resulting in default could alternatively be cast as due to mistake or inadvertence or neglect." *Hansher v. Kaishian,* 79 Wis. 2d 374, 391, 255 N.W.2d 564, 573 (1977). Excusable neglect is "that neglect which might have been the act of a reasonably prudent person under the same circumstances" and is not synonymous with neglect, carelessness or inattentiveness. *Hedtcke,* 109 Wis. 2d at 468, 326 N.W.2d at 731. The burden was on Milbank to show excusable neglect. *See Hansher,* 79 Wis. 2d at 389, 255 N.W.2d at 572. We must affirm the judgment unless we are prepared to find excusable neglect as a matter of law in all circumstances such as those presented by Milbank. *See Hedtcke,* 109 Wis. 2d at 475–76, 326 N.W.2d at 734; *Cruis Along Boats, Inc. v. Standard Steel Products Manufacturing Co.,* 22 Wis. 2d 403, 410, 126 N.W.2d 85, 89 (1964).

It is not excusable neglect, as a matter of law, for an insurance company to fail to file a timely answer due to the good faith belief of its personnel that, since there appeared to be a primary insurer with coverage exceeding damages alleged in the complaint, Wisconsin law did not require it to answer. Regardless of how much business Milbank did in Wisconsin, it was properly served with a summons and complaint worded clearly enough to

inform its claims supervisor of the consequences of a failure to answer. Milbank did not allege that it had never before been involved in litigation or served with a summons and complaint. Nevertheless, Milbank's claims supervisor made his own assumption about Wisconsin law and took no further action. He did not refer the complaint to counsel nor did he contact counsel for either Martin or Aetna to confirm his interpretation of Wisconsin law. Under the circumstances, the trial court did not abuse its discretion by granting Martin a default judgment.

Milbank's arguments concerning its liability under Wisconsin law are without merit. They are insufficient to show that its claims supervisor's neglect was excusable. Even if the claims supervisor assumed the law in Wisconsin was as Milbank represents, it was not the act of a reasonably prudent person to ignore a summons and complaint for $150,000 without contacting counsel or one of the parties. Without demonstrating excusable neglect, it does not matter whether Milbank would have had a meritorious defense based on Wisconsin insurance law. The existence of a meritorious defense has no bearing on whether the neglect was excusable, *Dugenske v. Dugenske,* 80 Wis. 2d 64, 71, 257 N.W.2d 865, 869 (1977), and is insufficient by itself to entitle a defaulting party to relief from judgment, *see Maier Construction Co.,* 81 Wis. 2d at 471–72, 260 N.W.2d at 703.

Milbank has also waived its opportunity to argue issues of liability and the respective obligations of the two insurance companies. By failing to file a timely answer of denial, Milbank has admitted the unconditioned allegation that its policy covered Griffin for liability for damages caused by his negligence. *See* sec. 802.02(4), Stats. The portion of the judgment dismissing Aetna without prejudice must therefore be affirmed, and Milbank's alternative request for instructions to the trial court con-

cerning Milbank's obligations under its policy with Griffin is rejected.

Finally, Milbank argues that the trial court erred by failing to allow it a contested evidentiary hearing on the issue of damages. The trial court was not required to provide Milbank with a hearing on the issue of damages. It had the option of holding a hearing or receiving proof by affidavit of any fact necessary to render judgment. *See* Judicial Council Committee Comments, sec. 806.02(2) (1981), and sec. 806.02(5) (1979), Stats; *see also Hedtcke,* 109 Wis. 2d at 478 n. 5, 326 N.W.2d at 735 n. 5. The trial court received proof by affidavit sufficient to support the $150,000 judgment against Milbank.[1]

*By the Court.*—Judgment affirmed.

---

[1] The trial court found $313,454.55 damages based on Martin's affidavit. The court properly limited the damage award to $150,000 as demanded by the complaint. *See Linker v. Batavian National Bank,* 271 Wis. 484, 490, 74 N.W.2d 179, 181 (1956).