ROSENDALE STATE BANK, a Wisconsin banking corporation, Plaintiff-Respondent,

v.

Fred A. SCHULTZ, Jr., and Nancy J. Schultz, Defendants-Appellants,

Alan Thomas SCHULTZ, Frederick Albert Schultz, and Michael Frances Schultz, Defendants.†

Court of Appeals

*No. 84–1590. Submitted on briefs January 9, 1985.— Decided February 13, 1985.*
(Also reported in 365 N.W.2d 911.)

† Petition to review denied.

For the defendants-appellants, the cause was submitted on the brief of *William R. Slate,* of *Slate Law Offices,* of Markesan.

For the plaintiff-respondent, the cause was submitted on the brief of *Hale Wagner,* of *Wagner and Wagner,* of Waupun.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.  Nancy and Fred Schultz appeal from a judgment of foreclosure and an order denying their motion to dismiss the action.  The trial court rejected the Schultzes' claim that the action should be dismissed because they did not receive notice of default and right to cure such default under sec. 425.104, Stats.  We agree with the trial court that the Schultzes were not entitled to such a notice.  Accordingly, we affirm.

On January 5, 1977, Nancy and Fred Schultz obtained a loan from the Rosendale State Bank in the amount of $17,500.  To secure the loan, the Schultzes gave a mortgage on their residence.  The loan was payable on an installment basis with the final installment payment due on January 5, 1980.  This due date was extended several times.  The last extension expired on January 5, 1983.

On January 25, 1980, the Schultzes gave a second mortgage on their residence to secure a $10,400 loan from the Rosendale State Bank.  After two extensions of the final due date, this second loan became due and payable on January 25, 1983.

The Schultzes failed to pay either loan by its expiration date.  On October 13, 1983, the Rosendale State Bank commenced a foreclosure action on both mortgages.  The Schultzes moved to dismiss the action on January 25, 1984, on the grounds that the bank failed to give a notice of right to cure default under sec. 425.105(1), Stats.  The trial court denied the motion, concluding that the Schultzes had no right to cure the default, and therefore

the bank was not required to send notice of a right to cure. On May 22, 1984, the trial court granted a judgment of foreclosure as to both mortgages. The Schultzes appeal.

The only issue on appeal involves interpretation of secs. 425.104 and 425.105, Stats., of the Wisconsin Consumer Act.[1] The interpretation of a statute presents a question of law. *In re I.V.*, 109 Wis. 2d 407, 409, 326 N.W.2d 127, 128 (Ct. App. 1982). As such, this court owes no deference to the conclusion of the trial court. *Id.*

Under sec. 425.104, Stats., a merchant *may* give a customer notice of an alleged default and, *if applicable,* notice of the customer's right to cure any such default. Sections 425.105 (1) and (2), Stats., provide:

(1) A merchant may not *accelerate* the maturity of a consumer credit transaction, commence any action except as provided in s. 425.205 (6), or demand or take possession of collateral or goods subject to a consumer lease other than by accepting a voluntary surrender thereof (s. 425.204), unless the merchant believes the customer to be in default (s. 425.103), and then only upon the expiration of 15 days after a notice is given pursuant to s. 425.104 *if the customer has the right to cure* under this section.

(2) Except as provided in sub. (3), for 15 days after such notice is given, a customer may cure a default under a consumer credit transaction by tendering the amount of all unpaid instalments due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges, and by tendering performance necessary to cure any default other than nonpayment of amounts due. The act of curing a default restores to the customer his rights under the agreement as though no default had occurred. [Emphasis added.]

[1] Chapters 421 to 427, Stats., constitute the Wisconsin Consumer Act. *See* sec. 421.101, Stats.

Under these statutes, a customer is entitled to notice only if the customer has a right to cure the default.

The Schultzes argue that the statute required the bank to send a notice of right to cure default before it commenced the foreclosure action. By failing to do so, argue the Schultzes, the bank commenced its action prematurely and the trial court should have dismissed the action. The bank argues that the Schultzes had no right to cure the default because this case involves a default on the entire obligation rather than a default on an installment payment. We agree that the Schultzes did not have a right to cure the default.

The notice of right to cure a default assures that a customer has knowledge of the default and is given an opportunity to tender the amount due. The act of curing restores the loan to a current status and prevents a merchant from accelerating an obligation without giving the customer a fair opportunity to keep payments on an installment basis. *See* sec. 425.105 (2), Stats.

In describing how a customer may cure the default, the statute indicates that the customer may tender "the amount of all unpaid instalments due . . . without acceleration . . . ." Sec. 425.105 (2), Stats. This language indicates that the act of curing relates to a point of time in the customer-merchant relationship where the entire amount or final installment of the obligation is not yet due. Furthermore, sec. 425.105 (2) indicates that the act of curing restores a customer to his or her rights under the agreement as though no default occurred. This language contemplates a continuing relationship between the customer and merchant after the default is cured. In interpreting a similarly worded Colorado statute, one court has explained:

The purpose of giving notice of the debtor's right to cure is to permit the debtor-creditor relationship to continue if the default is cured. By requiring notice of

the default, the statutory preference is to cure rather than to disrupt the debtor-creditor relationship by judicial or extra-judicial action against the debtor and the collateral.

*Aetna Finance Co. v. Summers,* 642 P.2d 926, 928 (Colo. 1982).

We conclude that the purpose of requiring the notice of right to cure is to give the customer an opportunity, before the merchant accelerates the obligation, to restore his or her loan to a current status and thus preserve the customer-merchant relationship. Where a customer defaults on an installment payment, the customer has a right to cure and notice of that right must be sent by the merchant before the merchant may commence an action.

Where, however, as here, the customer defaults on an entire obligation, there is no right to cure. The purpose of the statute would not be served by requiring notice of the right to cure. The obligation is entirely past due and fully owed, therefore making it impossible for the customer to restore the loan to current status and continue a relationship with the merchant. The act of curing in such a situation ends, rather than continues, the customer-merchant relationship because curing the default constitutes full payment.

The Schultzes, therefore, had no right to cure their default. As a result, the bank could commence a foreclosure action even though it did not send a notice of right to cure default. The trial court properly denied the Schultzes' motion to dismiss.

*By the Court.*—Judgment and order affirmed.