Donna E. HOMA, Plaintiff-Appellant,

v.

EAST TOWNE FORD, INC., and Ford Motor Credit Company, Defendants-Respondents.

Court of Appeals

*No. 83–329. Submitted on briefs April 16, 1984.— Decided May 28, 1985.*
(Also reported in 370 N.W.2d 592.)

For the plaintiff-appellant the cause was submitted on the brief of *David E. Lehmann* and *Lehmann Law Offices* of Madison.

For the defendant-respondent East Towne Ford, Inc., the cause was submitted on the brief of *Ronald A. Ritchie* and *Haukom & Ritchie* of Madison.

For the defendant-respondent Ford Motor Credit Company the cause was submitted on the brief of *Rocke A. Calvelli* and *Gerald R. Harmon* and *Prosser, Wiedabach & Quale, S.C.* of Milwaukee.

Before Gartzke, P.J., Dykman, J. and Rudolph T. Randa, Reserve Judge.

DYKMAN, J.[1]  Plaintiff appeals a summary judgment dismissing her complaint alleging that Ford Motor Credit Company and East Towne Ford violated the Wisconsin Consumer Act by requiring the surrender of a car she was buying on an installment plan. She also appeals an order denying her motion for default judgment and granting defendant East Towne Ford's motion for an extension of time to file an answer to the complaint. Because we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for default judgment or in granting defendant an extension of time to file an answer to her complaint, and because we con-

---

[1] By order of the Chief Justice, the writing of this opinion was reassigned from Bablitch, J., to the author.

clude there was no dispute as to any material fact, we affirm.[2]

### Facts

Ford Motor Credit Company financed plaintiff's purchase of a new automobile from East Towne Ford, Inc. Plaintiff made no payments in October, November or December, 1981 or in January or February, 1982. Plaintiff brought the car to East Towne Ford February 5, 1982 for repairs. While she was waiting, East Towne Ford's business manager initiated a discussion about her missing payments, gave her a voluntary surrender form, and asked her to read it and sign it. She read and signed the form.

Plaintiff served a summons and complaint on Ford Motor Credit and East Towne Ford on February 15, 1982 in which she asserted that she signed the voluntary surrender form only after East Towne Ford had misrepresented the facts and law to her. She claimed defendants had violated the Wisconsin Consumer Act.[3]

---

[2] East Towne Ford's brief was due August 5, 1983. It was filed December 23, 1983. Homa asks that we strike East Towne Ford's brief. We decline to do so but as a penalty for East Towne Ford's violation of the rules of appellate procedure we permit Homa to tax costs against East Towne Ford. Rule 809.83(2), Stats.

[3] Plaintiff cited sec. 425.204, Stats., which provides:

(1) Notwithstanding a waiver by the creditor of the security interest in collateral under sec. 425.203(2) or any other law, the customer shall have the right at any time to voluntarily surrender all of his rights and interests in the collateral to the merchant.

(2) The rights and obligations of the merchant and customer with respect to collateral voluntarily surrendered as defined in this section shall be governed by secs. 409.504 to 409.507, and are not subject to this subchapter.

(3) The surrender of collateral by a customer is not a voluntary surrender if it is made pursuant to a request or demand by the merchant for the surrender of the collateral, or if it is made pursuant to a threat, statement or notice by the merchant that

After a hearing, the court ordered a 60-day stay on the sale of the car. Ford Motor Credit filed an answer March 3, 1982. East Towne Ford filed an answer on March 12, 1982.

On March 16, 1982, the court granted plaintiff's *ex parte* motion for default judgment against East Towne Ford for failing to file its answer within the 20-day limit established by statute.[4] March 18, 1982, East Towne Ford petitioned the court to vacate the judgment of default. The court did so at a March 22, 1982 hearing. Plaintiff does not appeal that order.

Plaintiff made a second motion for a default judgment dated March 22, 1982. East Towne Ford moved to deny the motion March 29, 1982 and for an extension of time to answer until March 17, 1982, the date on which its answer was filed. The court denied plaintiff's second motion for default judgment and granted East Towne Ford's motion for an extension of time for filing its answer.

Plaintiff moved for summary judgment on the issue of liability. The court concluded that plaintiff had not surrendered her car voluntarily, within the meaning of sec. 425.204(3), Stats. However, the court found that the surrender met the requirements of sec. 425.105 and Wis. Adm. Code, sec. BKG 80.68.[5] It therefore granted

the merchant intends to take possession of the collateral.

She also cited sec. 425.206, which provides in part:

(1) Notwithstanding any other provision of law, no merchant may take possession of collateral . . . by means other than legal process in accordance with this subchapter except when:

(a) The customer has surrendered the collateral. . . .

(b) Judgment for the merchant has been entered. . . .

[4] Section 802.06(1), Stats., provides in part:

A defendant shall serve an answer within 20 days after the service of the complaint upon the defendant. . . .

[5] Section 425.105, Stats., provides in part:

(1) A merchant may not accelerate the maturity of a consumer credit transaction, commence any action except as provided in

defendants' motion for summary judgment dismissing plaintiff's complaint.[6]

## Default Judgment

"The decision to grant a default judgment is . . . addressed to the discretion of the trial court . . . and should be reversed only upon a clear abuse of discretion.

sec. 425.205(6), or demand or take possession of collateral or goods subject to a consumer lease other than by accepting a voluntary surrender thereof (sec. 425.204), unless the merchant believes the customer to be in default (sec. 425.103), and then only upon the expiration of 15 days after a notice is given pursuant to sec. 425.104 if the customer has the right to cure under this section.

Wis. Adm. Code, sec. BKG 80.68 provides:

Where a merchant requests or demands the return of collateral, after providing the customer with notice of default and opportunity to cure as required by sec. 425.105, Stats., a release of the collateral by the customer is not a surrender under secs. 425.204 (3), and 425.206(1)(a), Stats., if the merchant; 1) fails to provide a notice to the customer which clearly informs the customer of the right to a hearing on the issue of default before any repossession; 2) misrepresents any material fact or state of the law to the customer; or 3) violates any provision of ch. 427, Stats. The notice contained in sub. (1) of this rule is not required if the collateral has been abandoned by the customer.

[6] East Towne Ford made an oral motion for summary judgment at the August 5, 1982 hearing on plaintiff's motion for summary judgment. Its motion did not meet the requirements of sec. 802.-08(2) and (3), Stats., because it was not served 20 days before the time fixed for the hearing nor was it supported by affidavits. Nonetheless, the trial court had discretion to grant summary judgment to East Towne Ford pursuant to sec. 802.08(6), which provides:

If it shall appear to the court that the party against whom a motion for summary judgment is asserted is entitled to a summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor.

We disapprove the practice of making oral motions for summary judgment.

. . ." (Citations omitted.) *Martin v. Griffin,* 117 Wis. 2d 438, 442, 344 N.W.2d 206, 209 (Ct. App. 1984).

Plaintiff does not contend that the trial court erred in granting relief from the default judgment of March 16, 1982. She argues that the trial court abused its discretion in refusing to grant her second motion for default judgment.

In *Martin* at 441, 344 N.W.2d at 209, we said: "When a late answer is filed, the trial court must first grant a motion to strike the answer as untimely before entering a default judgment." The reason for this rule was explained in *Pett and Reynolds vs. Clark,* 5 Wis. 198, 198–99 (1856), as follows:

It appears from the record that the default of both the defendants was entered after one of them had filed his plea. For aught that appears, the plea was regularly filed; at all events, it was good in substance and in form, and constituted a part of the record, and while there a default could not be entered against the defendant pleading it. If pleaded out of time . . . the proper practice would have been to move to strike the plea from the files. Having done so, and the motion having been sustained, the default could be entered, but not while the plea remained on the files as a part of the record in the case.

Plaintiff made no motion to strike East Towne Ford's answer as untimely before moving for default judgment for the second time. Had the trial court granted her second motion for default judgment, it would have erred. We affirm the trial court's order refusing to grant a default judgment.

Plaintiff also contends that the trial court abused its discretion in granting East Towne Ford's motion for enlargement of time to file an answer. In *Hedtcke v. Sentry Ins. Co.,* 109 Wis. 2d 461, 472, 326 N.W.2d 727, 732–33 (1982), the court said:

Contrary to the mandate of sec. 801.15 (2) (a), Stats. 1979–80, the order granting [defendant's] motion for an enlargement of time to serve and file an answer fails to assert a finding of excusable neglect or to recite the grounds for granting the motion. . . .

As the order states no reasons for its issuance we must review the record *ab initio*. . . . We turn to the meager record before us to determine whether there are facts in the record to support the circuit court's implicit finding of excusable neglect.

The trial court did not find excusable neglect or recite the grounds for granting East Towne Ford's motion to enlarge the time to answer. We therefore review the record independently to determine whether there are facts to support the trial court's implicit finding of excusable neglect. "Excusable neglect is 'that neglect which might have been the act of a reasonably prudent person under the same circumstances' and is not synonymous with neglect, carelessness or inattentiveness." (Citation omitted.) *Martin* at 443, 344 N.W.2d at 209.

East Towne Ford's affidavit shows that after the hearing on whether the sale of the car should be stayed for 60 days, plaintiff's counsel agreed that East Towne Ford would be granted an extension to answer the complaint while the parties were pursuing settlement. The affidavit states that the final settlement proposal was rejected March 11, 1982 and that an answer to the complaint was served on plaintiff the following day. In *Giese v. Giese*, 43 Wis. 2d 456, 462, 168 N.W.2d 832, 835 (1969), the court said:

The trial court, as well as the members of this court, are well aware of the courtesies between members of the bar in the extension of time beyond the statutory limits in procedural matters. This practice is common and is not to be condemned; however, to constitute the basis for excusable neglect there must be an agreement or consent, preferably in writing or at least orally. Without such

agreement or consent time limits of procedural statutes would be a nullity. In this instance there is only the statement of plaintiff's counsel that it was their "understanding that additional time for service of the complaint was given by the attorney for the defendants." There is not an allegation that an extension was agreed to or consented to, nor for what period of time. Defendants' attorneys deny an extension was given. . . . [Footnote omitted.]

We conclude the trial court could have determined that East Towne Ford's reliance on an agreement with plaintiff's counsel was the act of a reasonably prudent person and constituted excusable neglect.[7] The trial court did not abuse its discretion by granting East Towne Ford an extension of time to file its answer.

### Summary Judgment

In *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983), we said:

Summary judgment is governed by sec. 802.08, Stats. Its purpose is to determine whether a dispute can be resolved without a trial. Summary judgment methodology must be followed by an appellate court as well as the trial court.

Under that methodology, the court, trial or appellate, first examines the pleadings to determine whether claims have been stated and a material factual issue is presented. If the complaint . . . states a claim and the pleadings show the existence of factual issues, the court examines the moving party's affidavits for evidentiary facts ad-

---

[7] Plaintiff's counsel contends that she agreed only to extending the answer deadline from March 8, 1982 to March 9, 1982. The trial court is the ultimate arbiter of the credibility of witnesses. *In Matter of Estate of Dejmal,* 95 Wis. 2d 141, 152, 289 N.W.2d 813, 818 (1980). We conclude the same rule should apply to a trial court's choice between conflicting affidavits where the court is determining whether excusable neglect exists.

missible in evidence or other proof to determine whether the party has made a prima facie case for summary judgment. To make a prima facie case for summary judgment, a moving defendant must show a defense which would defeat the claim. If the moving party has made a prima facie case for summary judgment, the court examines the affidavits submitted by the opposing party for evidentiary facts and other proof to determine whether a genuine issue exists as to any material fact, or reasonable conflicting inferences may be drawn from the undisputed facts, and therefore a trial is necessary.

Summary judgment methodology prohibits the trial court from deciding an issue of fact. [Citations omitted.]

We first examine the pleadings to determine whether a claim has been stated. Plaintiff's complaint alleges that defendants willfully and intentionally acted in disregard of the Wisconsin Consumer Act, secs. 425.204 and 425.206, Stats. She alleges that while her car was being repaired, an agent of East Towne Ford stated that the car would not be released to her unless she paid eleven hundred dollars in cash, curing the defaulted payments on her installment contract. She alleges that she was not informed of the 15-day period of notice of the right to cure default, as required by sec. 425.105. We conclude that plaintiff's complaint states a claim.

We next look at defendants' answers to see if a material factual issue is presented. In its answer, Ford Motor Credit denied acting in disregard of the Wisconsin Consumer Act and asserted that it had sent plaintiff notices of default, right to cure and intent to retake possession by certified mail on October 6 and December 11, 1981. It alleged that the post office returned these documents unclaimed. East Towne Ford's answer asserted that it did not know whether plaintiff had been sent a notice to cure default, that it had acted as Ford Motor Credit's agent and that any improper contact, request or demand had been an unintentional violation of the Wis-

consin Consumer Act. We conclude that the pleadings show the existence of issues as to whether the Wisconsin Consumer Act was violated.

We next examine defendants' affidavits for evidentiary facts admissible in evidence or other proof to determine whether they made a *prima facie* case for summary judgment.[8] The deposition of East Towne Ford's agent shows that he believed the plaintiff to be in default when she came to have her car repaired, and that he invited her into his office and asked her to read a document entitled "Voluntary Surrender." He stated that, after she had read it, he asked her if she had any questions and she indicated she wanted to use the telephone to speak to her comaker on the installment contract. Plaintiff signed the voluntary surrender form.

Section 425.105, Stats., provides that a merchant may not "demand or take possession of collateral . . . other than by accepting a voluntary surrender [of it]," unless the merchant believes the customer is in default, has given notice of the default to the customer, and the 15-day time period to cure the default has expired. (*See* footnote 5.) Wis. Adm. Code, sec. BKG 80.62 provides:

For the purposes of s. 425.105 (2) notice of the customer's right to cure a default is deemed given on the date of mailing and the date of tender of performance shall be the date of mailing or personally delivering the amount of all unpaid instalments, deferral and delinquency charges which are due and unpaid.

Defendants' proofs show that they did not demand or take possession of the car until 15 days after notice had been given, and that East Towne Ford then believed plaintiff to be in default. Defendants' affidavits show that they met the requirements of sec. 425.105, Stats. They made a *prima facie* case for summary judgment.

[8] We examine defendants' affidavits first because summary judgment was granted in their favor.

We next examine plaintiff's affidavits for evidentiary facts and other proof to determine whether a genuine issue exists as to any material fact, or whether any reasonable conflicting inference may be drawn from the undisputed facts, making a trial necessary. Plaintiff's affidavits do not challenge any of the material facts offered by defendants and make no assertion that she attempted to cure her default within 15 days of notice of the right to cure.

We turn to the question of law: whether, as plaintiff argues, the trial court erred when it construed sec. 425.105, Stats., and Wis. Adm. Code, sec. BKG 80.62. "A statute's meaning is a question of law which an appellate court independently determines." *Kammes v. Min. Inv. & Local Impact Fund Bd.*, 115 Wis. 2d 144, 154, 340 N.W.2d 206, 211 (Ct. App. 1983).

The purposes of the Wisconsin Consumer Act are set forth in sec. 421.102 (2), Stats., as:

. . . .

(b) To protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants;

(c) To permit and encourage the development of fair and economically sound consumer practices in consumer transactions; . . .

. . . .

Plaintiff argues that the Wis. Adm. Code, sec. BKG 80.62 undermines the purpose of the Wisconsin Consumer Act. Section BKG 80.62 states in part that "for the purpose of sec. 425.105 (2), notice of the customer's right to cure a default is deemed given on the date of mailing. . . ." Plaintiff argues that the purposes of the Wisconsin Consumer Act require actual receipt of notice of the right to cure default.

In *West Bend Education Ass'n v. WERC*, 121 Wis. 2d 1, 11, 357 N.W.2d 534, 539 (1984), the court said: "Generally questions relating to interpretation and ap-

plication of statutes are labeled questions of law, and the blackletter rule is that a court is not bound by an agency's conclusions of law." (Footnotes omitted.) The court continued by saying that

under certain circumstances a court should defer to the agency's conclusions of law. Sec. 227.20(10), Stats. 1979–80, provides that upon review of an agency's determination, "due weight shall be accorded the experience, technical competence, and specialized knowledge of the agency involved. . . ." Our cases similarly recognize that . . . the agency's conclusions are entitled to deference by the court.

*Id.* at 12, 357 N.W.2d at 539.

Because this question of the interpretation of the Wisconsin Consumer Act is one of first impression, we give due weight to the Wisconsin Banking Commission's interpretation of when notice is given. The banking commissioner does not interpret the statute to mean that there can be no default until notice has been received by the consumer. Presumably that would reward elusive consumers by allowing them to evade payment altogether. Giving due weight to the interpretation of the Wisconsin Consumer Act by the commissioner, we conclude that the purpose of the act is not undermined by deeming notice to have been given upon mailing to the consumer's last known address.

Plaintiff contends that the trial court erred in failing to find that East Towne Ford took custody and control of her car before she was asked to sign the voluntary surrender form in violation of Wis. Adm. Code, sec. BKG 80.68. (*See* footnote 5). This provides that a merchant's demand for the collateral and the customer's release of it is not a surrender under secs. 425.204(3) and 425.206(1)(a), Stats., if the merchant has failed to inform the customer of his right to a hearing, or misrepresents any pertinent fact or law to the customer.

We repeat that summary judgment methodology prohibits the trial court from deciding an issue of fact. *Cherokee Park Plat,* 113 Wis. 2d at 116, 334 N.W.2d at 583. We interpret plaintiff's contention to be that the trial court, having been provided with the undisputed material facts, should have concluded that East Towne Ford had taken custody and control of her car before she was asked to sign the voluntary surrender form. However, as stated in plaintiff's complaint, in East Towne Ford's answer and by its business manager at his deposition, plaintiff made an appointment with East Towne Ford and voluntarily brought her car to its place of business for repairs. We find no evidence of record that shows the car changed hands by any means other than plaintiff's signing the surrender form. Plaintiff also contends she was not given notice of her right to a hearing because she was not given oral notice. She concedes, however, that there was a written statement, "You have the right to a hearing on the issue of default before possession" above the signature line which she signed. She also does not deny that she read the voluntary surrender form before signing it. We conclude that the notice requirement of Wis. Adm. Code, sec. BKG 80.68 was met.

*By the Court.*—Judgment affirmed. Plaintiff to have costs against East Towne Ford. Ford Motor Credit Company to have costs against plaintiff.