COURT OF APPEALS
DECISION
DATED AND FILED

March 20, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1182**

STATE OF WISCONSIN

Cir. Ct. No. 2024SC121

IN COURT OF APPEALS
DISTRICT IV

HEIGHTS FINANCE CORPORATION,

   PLAINTIFF-APPELLANT,

 V.

JOSEPH R. CRANKSHAW,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for La Crosse County: GLORIA L. DOYLE, Judge. *Reversed and cause remanded for further proceedings.*

¶1      GRAHAM, J.[1]  Joseph R. Crankshaw defaulted on a loan he took out from Heights Finance Corporation ("Heights"), and he did not timely cure the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

default after Heights sent him a written notice of default and right to cure as required by the Wisconsin Consumer Act. Heights accelerated the maturity of the outstanding balance on Crankshaw's loan and filed this small claims action seeking a money judgment for the balance. The circuit court dismissed the action on the ground that Heights did not prove that Crankshaw received the notice of default and right to cure.

¶2 Heights appeals the dismissal order. It argues that the circuit court erred when it concluded that Heights was required to prove that Crankshaw actually received the written notice before Heights accelerated the maturity of the loan and commenced this collection action. I agree that the court erred when it dismissed the claim on that basis, and I therefore reverse and remand for further proceedings.

## BACKGROUND

¶3 In August 2022, Crankshaw entered into a "Promissory Note and Security Agreement" with Heights to finance the purchase of a car. Pursuant to the agreement, Heights loaned approximately $10,700 to Crankshaw, and Crankshaw agreed to pay back the loan with interest in 48 monthly payments. It is undisputed that Crankshaw defaulted on his payment obligation when he failed to make the payments that were due in November and December 2023.[2]

---

[2] Specifically, the agreement provided that Crankshaw "will be in default on this loan and any agreement securing this loan" if he "fail[s] to pay an amount exceeding one full payment, which remains unpaid for more than 10 days after its due date[.]" Crankshaw's monthly payments of $435 were due on November 2, 2023, and December 2, 2023, but he failed to make any payments in November or December.

¶4 Heights mailed Crankshaw a "Notice of Right to Cure Default" on December 14, 2023.[3] *See* WIS. STAT. § 425.104(1) ("[a] merchant who believes that a customer is in default may give the customer written notice of the alleged default and, if applicable, of the customer's right to cure any such default" as set forth in WIS. STAT. § 425.105). The notice stated that Crankshaw "may cure the default" by paying the outstanding balance within 15 days. *See* § 425.105(2) (providing that, with exceptions not relevant here, "for 15 days after such notice is given, a customer may cure a default … by tendering the amount of all unpaid installments[,]" and that the "act of curing a default restores … the customer's rights under the agreement as though no default had occurred"). The notice further provided that, if the default was not cured "on or before" December 29, 2023, then the "entire outstanding balance will automatically be accelerated and become immediately due and payable without further notice, demand or right to cure." *See* § 425.105(1) (providing in pertinent part that a merchant may "accelerate the maturity of a consumer credit transaction" and "commence any action" "upon the expiration of 15 days after a notice is given pursuant to [§] 425.105").

¶5 It is undisputed that Crankshaw did not cure the default "on or before" December 29, 2023. Heights accelerated the maturity of the entire outstanding balance on the loan and commenced this small claims action for a money judgment.

---

[3] At the time Heights mailed the notice, the total past due amount on Crankshaw's account was $905, which included the missing November and December payments, a delinquency charge of $20, and non-sufficient funds fee of $15.

¶6      In his answer, Crankshaw did not dispute that he defaulted on the loan, nor did he dispute that he failed to timely cure the default.  He instead alleged that the notice of right to cure that Heights sent by certified mail was not delivered to him.  In support, he provided a screenshot of the United States Postal Service's website, which depicted a portion of the tracking history and showed the most recent status of the mailing as "[i]n transit."  Separately, Crankshaw alleged that he had since paid the past due amount and was "current on this auto loan" as of February 2024.[4]

¶7      The circuit court held a trial on May 6, 2024.  At the trial, Heights' assistant branch manager testified that Heights mailed written notice of the right to cure to Crankshaw by both "certified and regular mail" on December 14, 2023. Heights also pointed to the certified mail receipt, which showed that the notice was sent by certified mail on December 14, 2023.  Crankshaw did not dispute any of these facts, but he testified that "the certified mail to cure the debt was never delivered," and that "the tracking number … shows that it was never delivered."

¶8      The circuit court dismissed Heights' action.  It determined that Heights failed to "meet the burden of proof," reasoning that Heights was required to show that Crankshaw actually received the right-to-cure notice before Heights accelerated the maturity of the loan and commenced this action.  The court also stated that Crankshaw had paid the past due amount and was current on his monthly payments as of February 13, 2024.  Heights appeals.

---

[4] Specifically, Crankshaw paid Heights $435 on December 21, 2023; $485 on January 27, 2024; and $860 on February 13, 2024.  It is undisputed that payment of these amounts would have made Crankshaw current on the loan, if Heights had not accelerated its maturity.

**DISCUSSION**

¶9 As noted, the circuit court dismissed Heights' small claim action based on its determination that Heights failed to satisfy its burden of proof. According to Heights, the court misinterpreted and misapplied WIS. STAT. §§ 425.104(1) and 425.105(1) when it determined that Heights had the burden to prove that Crankshaw received the notice of the right to cure that Heights sent. More specifically, Heights argues that §§ 425.104(1) and 425.105(1) require Heights to prove that it *gave* Crankshaw notice, and it contends that notice is deemed *given* on the date of mailing. Whether the court's description of Heights' burden of proof is correct turns on the proper interpretation of §§ 425.104(1) and 425.105(1), which presents a question of law. *See Homa v. East Towne Ford, Inc.*, 125 Wis. 2d 73, 83-84, 370 N.W.2d 592 (Ct. App. 1985) (statutory interpretation is a question of law).

¶10 WISCONSIN STAT. §§ 425.104(1) and 425.105(1) are part of the Wisconsin Consumer Act. In considering what they require with respect to notice, I begin with the statutory text. *See State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Section 425.104(1) provides that "[a] merchant who believes that a customer is in default may give the customer written notice of the alleged default and, if applicable, of the customer's right to cure any such default."[5] And § 425.105(1) provides that "[a] merchant

---

[5] Although not at issue in this appeal, I pause to briefly describe another provision that identifies required contents of a notice of right to cure. WISCONSIN STAT. § 425.104(2) provides: "[A]ny notice given under this section shall contain the name, address and telephone number of the creditor, a brief identification of the consumer credit transaction, a statement of the nature of the alleged default and a clear statement of the total payment, including an itemization of any delinquency charges, or other performance necessary to cure the alleged default, the exact date by which the amount must be paid or performance tendered and the name, address and telephone number of the person to whom any payment must be made, if other than the creditor." The

(continued)

may not accelerate the maturity of a consumer credit transaction, commence any action except as provided in [WIS. STAT. §] 425.205(6), or demand or take possession of collateral or goods subject to a consumer lease … unless the merchant believes the customer to be in default ([as defined by WIS. STAT. §] 425.103), and then only upon expiration of 15 days after a notice is given pursuant to [§] 425.104."

¶11   The statutory text does not conclusively resolve the dispute in this case.    Although WIS. STAT. §§ 425.104(1) and 425.105(1) emphasize the merchant's act of *giving* written notice rather than the customer's *receipt* of notice, the statutory language does not specify when a notice is deemed given.  If read in isolation, it is possible that the statutes could be interpreted to mean what the circuit court determined that they mean—that notice is not deemed given unless the customer actually receives the notice.

¶12   However, we do not read statutes in isolation, and my review of the relevant provision in the administrative code demonstrates that this is not the case. *See Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 77-78, 307 N.W.2d 256 (1981) ("[S]tate administrative rules enacted pursuant to statutory rule-making authority have the force and effect of law.").  Specifically, WIS. ADMIN. CODE § DFI-WCA 1.62 provides that, "[f]or the purposes of [WIS. STAT. §] 425.105(2), notice of the customer's right to cure a default is deemed given on the date of

---

parties do not dispute that the notice that Heights sent Crankshaw complied with these requirements.

mailing."[6]    And, based on this provision, we have specifically rejected the argument that Crankshaw makes here—that the Wisconsin Consumer Act requires the customer to actually receive a right-to-cure notice before the merchant can take additional actions to collect on a defaulted loan.  *See **Homa***, 125 Wis. 2d at 81.

¶13    The discussion in ***Homa*** is instructive.  There, a merchant mailed right-to-cure notices to the customer after she defaulted on her loan payment.  After the 15-day period to cure the default expired, the merchant took possession of the collateral pursuant to WIS. STAT. § 425.105(1).  ***Homa***, 125 Wis. 2d at 83.  The customer disputed the merchant's actions, arguing that she never received the notices and that "the purposes of the Wisconsin Consumer Act require actual receipt of notice of the right to cure default."  *Id.*  We cited the then-existing administrative code provision for the proposition that notice is deemed "given upon mailing to the consumer's last known address."  *Id.* at 84.  We explained that, if a merchant's collection rights were conditioned on the customer's actual receipt of a notice, it "[p]resumably … would reward elusive consumers by allowing them to evade payment altogether."  *Id.*

¶14    Accordingly, based on the statutes, the administrative code, and case law, I conclude that Heights was required to prove that it mailed Crankshaw the notice of right to cure, and that the circuit court erred when it concluded that

---

[6] Notably, WIS. ADMIN CODE § DFI-WCA 1.62 states that it applies "[f]or the purposes of [WIS. STAT. §] 425.105(2)," but it does not specifically cross-reference WIS. STAT. § 425.104(1) or § 425.105(1), which are also at issue here.  However, given that these subsections all deal with the same type of notice—the "notice of customer's right to cure default"—it is evident that § DFI-WCA 1.62 also applies to §§ 425.104(1) and 425.105(1).  *See **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110 (statutes should be interpreted "in relation to the language of surrounding or closely-related statutes" and "to avoid absurd or unreasonable results").

Heights was also required to prove that Crankshaw received the notice. And because there is no dispute that Crankshaw was in default; that Heights properly gave Crankshaw notice; and that Crankshaw failed to cure the default within "15 days after the notice [was] given," I conclude that Heights was entitled to accelerate the maturity of the entire loan balance and commence this action pursuant to WIS. STAT. § 425.105(1).

¶15 Before concluding, I pause to briefly address the circuit court's observation that Crankshaw paid the past due amount to Heights in February 2024, several weeks after the 15-day right-to-cure period expired. The court commented, "I see a lot worse situations in this court." Under the circumstances, I understand why the court might have questioned Heights' decision to pursue a judgment for the accelerated loan balance, rather than accepting Crankshaw's late payments and restoring his rights under the loan agreement. However, to the extent that Crankshaw argues that the court correctly dismissed Heights' claim based on his payment of the past due amount after the right-to-cure period expired, he cites no authority for the proposition that a creditor is legally required to restore a customer's rights under a loan agreement after the cure period expires. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (a court needs not consider arguments that are unsupported by legal citations or are otherwise undeveloped). This argument is also contrary to the statutory language, which extinguishes a customer's right to cure their default "15 days after such notice is given." *See* WIS. STAT. § 425.105(2); *Rosendale State Bank v. Schultz*, 123 Wis. 2d 195, 198-99, 365 N.W.2d 911 (Ct. App. 1985) (the purpose of § 425.105(2) is to give the defaulting party a specified amount of time to cure their default and restore their loan to a current status).

8

**CONCLUSION**

¶16 For all these reasons, I conclude that the circuit court erroneously dismissed Heights' claim. I therefore reverse and remand this case to the circuit court for additional proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.