Virkshus, Respondent, vs. Virkshus and wife, Appellants.

*January 16—February 25, 1947.*

For the appellants there were briefs by *Matt Richdorf, Russell J. Greb,* and *Clayton A. Cramer,* all of Waukesha, and oral argument by *Mr. Cramer* and *Mr. Greb.*

For the respondent there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye.*

FOWLER, J. The action was brought to foreclose two mortgages, a first of $3,000 and a second of $10,000, and the allegations of the complaint are sufficient to show right of foreclosure by the plaintiff. Judgment of foreclosure was entered on motion of the plaintiff for a summary judgment. The de-

fendants appeal on the ground that the pleadings and affidavits in support of and in opposition to the motion disclose triable issues of fact.

There are two motions for a summary judgment, the first dated December 7, 1945, based on the original complaint and the answer thereto and an affidavit in support of the motion. Thereafter the defendants moved for leave to file an amended answer and counterclaim. The plaintiff's second motion, dated March 9, 1946, is based on the complaint and this amended answer and counterclaim and counteraffidavits. On March 8, 1946, a stipulation was entered into by the plaintiff and defendant Dominic that the answer and proposed amended answer to the first cause of action be withdrawn; and that the amended answer and counterclaim to the second cause of action be allowed to stand. The court on March 14, 1946, entered an order in accordance with the stipulation. Summary judgment of foreclosure of both mortgages was entered. The defendants appeal only from the portion of the judgment relating to the second mortgage. We therefore limit our consideration to determining whether there are any issues of fact triable to the court involved in the action for foreclosure of the $10,000 mortgage. Wherever the word "complaint," "answer," and "counterclaim" are hereinafter used they refer to the complaint, answer, and counterclaim in that action. So to determine, it is necessary to take up the specific allegations of ultimate fact in the complaint that are claimed to be put in issue under the pleadings and affidavits presented on the motion for summary judgment.

Paragraph 2 of the complaint alleges that Rozalia Virkshus, mother of plaintiff and defendant Dominic Virkshus, for value received executed and delivered to plaintiff her promissory note for $10,000. Paragraph 2 of the answer denies this allegation, alleges in immediate connection affirmatively that the note "was executed by Rozalia . . . through undue influence, force, compulsion, duress of the plaintiff and by fraudu-

lent representations made to her by the plaintiff concerning the execution of the alleged note if the same [note] was *so* executed by her." The word "so" in the quotation next above relates to execution by Rozalia "for value received." The denial of value received is involved in the denial of consideration for the mortgage discussed *infra* under paragraph 3 of the complaint and answer. The quotation impliedly admits execution and, no facts being alleged as constituting the frauds and duress, the allegations of fraud and duress are conclusions of law and raise no issue. *Riley v. Riley,* 34 Wis. 372; *Coughlin v. Milwaukee,* 227 Wis. 357, 368, 369, 279 N. W. 62. It is further alleged that the property named was the property of Dominic and that the plaintiff so knew. Other allegations of the answer hereinafter referred to allege that while the defendant Dominic was the owner of the premises they were conveyed to Rozalia with intent to defraud his creditors. This allegation prevents Dominic from denying Rozalia's title and renders nugatory the allegation that Rozalia was not the owner. The conveyance was good between the parties. *Jandl v. Guziekiewicz,* 195 Wis. 258, 262, 218 N. W. 593; *Harvey v. Harvey,* 202 Wis. 553, 556, 231 N. W. 580; *Clemens v. Clemens,* 28 Wis. 637, 658; *Fargo v. Ladd,* 6 Wis. *106.

Paragraph 3 of the complaint alleges that Rozalia executed and delivered the $10,000 mortgage to secure the note and states its general terms. The mortgage is set out in full by copy in plaintiff's affidavit in support of the motion for judgment and the correctness of the copy is not denied by counteraffidavit. The copy shows the mortgage to be under seal. The seal imports consideration for the mortgage. This imports consideration for the note also. In absence of allegations of fact showing fraud the mortgage cannot be impeached for want of consideration. If the mortgage cannot be impeached for want of consideration, the denial of consideration of the note in paragraph 2 of the answer becomes immaterial and presents no obstacle to foreclosure of the mortgage.

Paragraph 3 of the answer denies all allegations of paragraph 3 of the complaint and thus denies execution of the mortgage by Rozalia. The effect of this denial is hereinafter considered in connection with an averment of forgery in the counterclaim.

Paragraph 4 of the complaint alleges terms of the mortgage as to insurance, taxes, etc. Paragraph 4 of the answer denies these allegations but the denial is rendered nugatory for want of averment that the copy of the mortgage set out in the complaint and affidavit in support of the motion for summary judgment is not correct.

Paragraph 5 of the complaint alleges that the mortgage was "duly attested by two subscribing witnesses and was duly acknowledged, so as to entitle it to be recorded." Paragraph 5 of the answer denies this allegation *in haec verba*. This is a negative pregnant. 3 Bouvier, p. 2311. It is "pregnant with admission" that the mortgage was witnessed and acknowledged. *Argard v. Parker,* 81 Wis. 581, 51 N. W. 1012. It is only a conclusion of law that the witnessing and acknowledging were not "duly" done. *Stott v. Chicago,* 205 Ill. 281, 68 N. E. 736, 740. Thus no issue is raised as to execution and acknowledgment of the note and mortgage.

Paragraph 6 of the complaint alleges that the plaintiff is the owner of the mortgage. Paragraph 6 of the answer denies this. But the copy of the mortgage shows it was executed by Rozalia direct to the plaintiff. This creates a presumption that the plaintiff owns it. The defendant shows no assignment of it, and offers no affidavit that it is owned by anybody else. We think the presumption prevails, and the denial is nugatory. The denial is obviously mere sham.

Paragraph 7 of the complaint alleges that Rozalia is dead and that no payments have been made on the mortgage debt by either Rozalia or the defendants, except $75 paid as interest. Paragraph 7 of the answer admits the death but denies each and every other allegation of paragraph 7 of the complaint.

Payment is an affirmative defense. When nonpayment is alleged payment must be affirmatively alleged to raise an issue. Thus no issue is raised under paragraph 7 of the complaint.

Paragraph 8 of the complaint alleges the amount justly due. Paragraph 8 of the answer is a general denial. What is said next above applies here. The amount due is not denied unless payment is alleged.

Paragraph 9 of the complaint alleges that defendants other than Dominic and his wife claim interest in the premises and that their claims are inferior to the lien of plaintiff's mortgage. Paragraph 9 of the answer admits the "indebtedness" of the other defendants as alleged, and denies that the alleged mortgage of plaintiff is "any lien whatsoever" on the premises. This raises no issue being only a conclusion of law.

Paragraph 10 of the complaint alleges that the premises are inadequate security for the mortgage debt; that plaintiff fears defendants will commit waste and depreciate the value of the security unless enjoined; that the defendants are insolvent, and that a receiver should be appointed. Paragraph 11 alleges that the premises cannot be sold in parcels without loss. Paragraph 12 alleges that none of the defendants is in the armed service. There are no paragraphs in the answer responsive to paragraphs 10, 11, and 12 of the complaint and the allegations of these paragraphs stand as admitted.

So far as appears from the above, the answer raises no issues for trial, unless under paragraph 3 of the complaint which was reserved for further consideration in connection with the counterclaim the allegations of which are pleaded as "further answer" to the complaint. The only allegation in the counterclaim not stated by way of defense to the complaint is that the mortgage is a forgery. Paragraph 3 of the answer denies that Rozalia executed the mortgage. As to this situation the trial court says in a written opinion filed as follows:

"It appears therefore that there are two issues of fact raised by the pleadings and disclosed by the record, to wit, (1) that

Rozalia executed, acknowledged and delivered the mortgage, and (2) that her signatures to the note and mortgage are forgeries.

"But there is this insurmountable obstacle to the claim of the defendant: On January 14, 1928, Rozalia conveyed the premises to Dominic. The deed recites that it is given subject to the two mortgages here involved. That fact estops him from asserting any of the defenses attempted to be pleaded in his amended answer. *Wisconsin V. T. Co. v. Schroeder,* 214 Wis. 73. His wife is also estopped, for whatever interest she has in the premises was acquired by the same deed."

It is to be noted in this connection that it is stated in an affidavit in support of the motion for summary judgment that ·a deed dated January 14, 1928, was executed and delivered by Rozalia to Dominic of the premises in suit which expressly recited that it was "subject to two mortgages, one in the sum of $3,000 and the other in the sum of $10,000." There is no affidavit in opposition to this statement and the statement therefore stands admitted. In view of this, we consider that the ruling of the trial court in the second paragraph of his opinion next-above quoted is correct. See opinion in *Wisconsin V. T. Co. v. Schroeder & Son Co.* 214 Wis. 73, 77, 251 N. W. 218, and the cases of *Baierl v. Riesenecker,* 201 Wis. 454, 227 N. W. 9, 230 N. W. 605, and *Federal Trust Co. v. Bristol County St. R. Co.* 218 Mass. 367, 105 N. E. 1064, therein cited. Dominic was estopped from asserting rights against the mortgagee under this deed because his rights under it were expressly made subject to the mortgage, and he was estopped from asserting rights in the face of the deed to Rozalia because that deed as above shown was executed in fraud of his creditors.

It follows that no triable issue is raised by the pleadings and plaintiff is entitled to a judgment of foreclosure of both mortgages.

The defendants' only claim for judgment on the counterclaim is that the mortgage be declared void and canceled of

record as a cloud on Dominic's title. But the plaintiff's judgment of foreclosure being valid, the mortgage lien is merged in the judgment and the mortgage is not a cloud on the title and the defendants are not entitled to any relief on their counterclaim.

The defendants, after filing of the findings, filed a motion to amend the findings by inserting a finding showing triable issue as to execution of the mortgage. The court denied the motion. This denial was correct as the issue of execution is immaterial because the defendants are estopped from attacking execution of the mortgage.

*By the Court.*—The judgment of the circuit court is affirmed.