Sheila R. McDONALD, Plaintiff-Respondent,

v.

Ardyth M. McDONALD and A. McDonald, LLC,
Defendants-Appellants.

Court of Appeals

*Nos. 2005AP2346, 2005AP2369.*
*Submitted on briefs May 30, 2006.—Decided June 13, 2006.*

2006 WI App 150

(Also reported in 721 N.W.2d 524.)

863

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Kim M. Peterson* of *Eiche & Frakes, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Steven L. Miller* of *Miller & Miller*, River Falls.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.   Ardyth McDonald and A. Mc-Donald, LLC (collectively, Ardyth) appeal foreclosure judgments on property located in Oconto and Brown Counties. Ardyth argues there was no consideration for the note underlying the mortgages and, therefore, Sheila McDonald's foreclosure claim must fail. We conclude the mortgages, signed under seal, are conclusive proof of consideration for both the mortgages and the underlying note they secure.[1] Accordingly, we affirm the judgments.

¶ 2.   Sheila moves for costs, contending Ardyth's appeal[2] is frivolous because her arguments have no basis in fact or law and her appeal is moot because she satisfied the judgment. We conclude Ardyth's appeal has at least arguable merit and is not moot. Therefore, we deny Sheila's motion for costs on appeal.

## BACKGROUND

¶ 3.   Ardyth owned several retail businesses, which were managed by her son, Jon McDonald. As part of Jon's employment, he was supplied with a $500,000 life insurance policy. Jon's wife, Sheila, was the policy's primary beneficiary.

---

[1] Because we conclude consideration is conclusively presumed as a matter of law by virtue of the mortgage being signed under seal, we need not address Sheila's alternative arguments that, in fact, the note was supported by consideration. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

[2] By order dated January 4, 2006, the appeals from the Oconto and Brown County judgments were consolidated for purposes of briefing and decision. Accordingly, we refer to Ardyth's appeal in the singular throughout this opinion.

¶ 4.    In December 1996, Jon assigned $200,000 of his life insurance to serve as collateral for a loan for Ardyth's business. In October 1997, Jon died. Shortly after, Ardyth and two of her children approached Sheila and told her she would be reimbursed for any life insurance proceeds that were paid to the bank as a result of the assignment. In November, Ardyth asked her attorney to prepare a promissory note for funds paid to the bank from the insurance proceeds, along with mortgage documents to secure the note.

¶ 5.    In January 1998, $200,000 of Jon's life insurance proceeds were disbursed to satisfy Ardyth's loan. In May, Ardyth's attorney prepared a promissory note[3] and two mortgages, one for property located in Oconto County and a second for property in Brown County. The note bore the date January 20, 1998, the date the life insurance proceeds were disbursed to the bank to pay the loan. Ardyth signed the mortgages under seal on May 17, 1998, and the mortgages were subsequently recorded. Ardyth also signed the note, but not under seal.

¶ 6.    Monthly payments were made on the note until March 2000. Sheila gave notice of default and commenced these foreclosure actions in September 2004. Ardyth defended both cases by challenging consideration for the note. The Oconto County case was resolved on summary judgment. The circuit court concluded that the mortgage was an executed contract under seal, that consideration for the mortgage was therefore conclusively presumed, and that the mortgage's consideration also imported consideration

---

[3] The note was in the amount of $210,000, reflecting the $200,000 life insurance proceeds, as well as $10,000 for credit card purchases Sheila made on behalf of Ardyth's business.

for the note. Accordingly, the court granted summary judgment in Sheila's favor. The Brown County case was tried to the court, which found there was consideration for the note and mortgage. The parties stipulated to the amount due and judgments were entered accordingly.

## DISCUSSION

### *Consideration*

¶ 7.    Ardyth argues there was no consideration for the note. Whether a contract is supported by consideration presents a question of fact. *Piaskoski & Assoc. v. Ricciardi*, 2004 WI App 152, ¶ 7, 275 Wis. 2d 650, 686 N.W.2d 675. However, the interpretation of a contract and its application to undisputed facts is a question of law that we review independently. *See id.*

¶ 8.    Sheila counters that Ardyth's arguments are contrary to *Mitchell Bank v. Schanke*, 2004 WI 13, 268 Wis. 2d 571, 676 N.W.2d 849. In *Mitchell Bank*, the note underlying a mortgage was lost. *Id.*, ¶ 23. The circuit court concluded the missing note prevented the bank from proving the debt underlying the mortgage and therefore the mortgage lacked consideration. Our supreme court reversed because the mortgage was signed under seal, noting that "[u]nder Wisconsin law, when an executed contract is signed under seal, the seal is conclusive proof of consideration, and consideration may not be impeached absent a factual showing of fraud." *Id.*, ¶ 24. The *Mitchell Bank* court explained, "[A] seal imports consideration for the mortgage. This imports consideration for the note also. In absence of allegations of fact showing fraud the mortgage cannot

867

be impeached for want of consideration." *Id.* (quoting *Virkshus v. Virkshus*, 250 Wis. 90, 93, 26 N.W.2d 156 (1947)).

■

¶ 9.   Sheila argues that, under *Mitchell Bank*, because Ardyth signed the mortgages under seal, the seal is conclusive proof of consideration for the mortgages and the note. Sheila further contends that, because Ardyth makes no allegations of fraud, her challenge to the note for lack of consideration must fail. In reply, Ardyth attempts to distinguish *Mitchell Bank*. She points out that, in *Mitchell Bank*, the note and mortgage were signed at the same time, whereas here the note was signed five months before the mortgages.[4] However, we are not persuaded that *Mitchell Bank*'s holding, or the cases on which the holding relied, were contingent on simultaneous execution of the mortgage and note. As our supreme court explained, "If the mortgage can not be impeached for want of consideration, the denial of consideration of the note ... becomes immaterial and presents no obstacle to foreclosure of the mortgage." *Virkshus*, 250 Wis. at 93. Ardyth's execution of the mortgages under seal is conclusive proof of consideration for both the mortgages and the underlying note.

*Frivolous Appeal*

■

¶ 10.   Sheila moves for costs, alleging Ardyth's appeal is frivolous. Whether an appeal is frivolous is

---

[4] The note is dated January 20, 1998, five months before the date appearing on the mortgages. However, the record shows all the documents were drafted by Ardyth's attorney in May 1998.

determined by this court as a matter of law. *Tennyson v. School Dist. of Menomonie Area*, 2000 WI App 21, ¶ 33, 232 Wis. 2d 267, 606 N.W.2d 594. Sheila argues Ardyth's appeal is frivolous because, under Wis. Stat. Rule 809.25(3)(c)2.,[5] she and her attorney "knew, or should have known, that the appeal . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

¶ 11.   Sheila contends that, because the mortgages were executed under seal, Ardyth's argument on appeal is squarely contrary to *Mitchell Bank*, and her brief-in-chief makes no attempt to distinguish the case or make a good faith argument that the case was wrongly decided. However, Ardyth's reply brief addresses and attempts to distinguish *Mitchell Bank* based on the difference between the date of the note and the date of the mortgage. We conclude her argument had at least a reasonable basis under the law.

¶ 12.   Sheila also argues the appeal is frivolous because the issue raised on appeal is moot. "An issue is moot when its resolution will have no practical effect on the underlying controversy." *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶ 3, 233 Wis. 2d 685, 608 N.W.2d 425. Sheila contends the issue Ardyth raises, challenging the validity of the note, is moot because Ardyth has subsequently satisfied the judgment and the note and mortgages no longer exist.

¶ 13.   Sheila supports her argument by citing *Duncan v. Farm Credit Bank*, 940 F.2d 1099 (7th Cir.

---

[5] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

1991), in which the Duncans' appeal was dismissed as moot after they failed to stay judgment. However, *Duncan* involved a right of first refusal to repurchase foreclosed property; the Duncans' failure to stay judgment resulted in the property's sale to a third party. *Id.* at 1100. Here, the property merely secured a monetary debt; had Ardyth prevailed on appeal, the sum she paid to satisfy the judgment could have been repaid by Sheila. *See* WIS. STAT. § 806.09(1) ("If any judgment or part of a judgment is collected and such judgment is afterwards set aside or reversed, the trial court shall order the same to be restored with interest from the time of the collection . . . ."). Under these circumstances, Ardyth's satisfaction of the judgment does not render her appeal moot, and Sheila's motion for costs on appeal is therefore denied.

*By the Court.*—Judgments affirmed. No costs on appeal.