INDIANHEAD MOTORS, Plaintiff-Respondent,

v.

Debra BROOKS, Defendant-Appellant.

Court of Appeals

*No. 2006AP1002. Submitted on briefs November 7, 2006.
—Decided November 21, 2006.*

2006 WI App 266

(Also reported in 726 N.W.2d 352.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel R. Freund* of *Freund Law Office*, Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Amy L. Vaudreuil* of *Wiley Law, S.C.*, Chippewa Falls.

Before Cane, C.J., Hoover, P.J., and Peterson, J.[1]

¶ 1. PETERSON, J.   Debra Brooks appeals a replevin judgment granted to Indianhead Motors. She argues Indianhead's complaint should have been dismissed because Indianhead failed to give her proper notice of her right to cure under the Wisconsin Consumer Act. We agree. Accordingly, we reverse the judgment and remand with directions to dismiss Indianhead's complaint without prejudice.

---

[1] The Chief Judge granted Brooks' motion for a three-judge panel August 14, 2006.

### BACKGROUND

¶ 2. On August 10, 2005, Brooks purchased a 2001 Dodge Ram truck from Indianhead. She financed the truck in part with a $4,821.16 loan from Indianhead. The first two payments on the loan were due September 10 and October 10. Brooks refused to make either payment, apparently because she believed the truck was defective.

¶ 3. On October 13, Indianhead sent Brooks a notice of her right to cure the default under the Wisconsin Consumer Act. On December 13, Indianhead filed a complaint for replevin. Brooks filed a motion to dismiss. She argued, among other things, that Indianhead's notice was invalid because it was given prematurely.

¶ 4. The circuit court denied Brooks' motion. The court noted that Brooks had been driving the truck since August and held that it would not "on the basis of technical statutes disregard what I think is just basically inherent fairness." The court granted Indianhead a replevin judgment. The judgment stated Indianhead was entitled to the outstanding loan balance, attorney fees, and court costs, and ordered that Indianhead be allowed to take possession of the truck and sell it to recover the amount indicated in the judgment. *See* WIS. STAT. § 409.601–409.627.[2] Brooks then paid the amount indicated in the judgment and kept possession of the truck.[3]

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[3] Nothing in the record indicates Brooks paid the judgment. However, in their briefs the parties agree Brooks did so, apparently as a redemption of collateral pursuant to WIS. STAT. § 409.623.

### Standard of Review

■

¶ 5.   This case involves interpretation of a statute, which is a question of law. *Homa v. East Towne Ford, Inc.*, 125 Wis. 2d 73, 83–84, 370 N.W.2d 592 (Ct. App. 1985). We review questions of law without deference to the circuit court. *Steiner v. Wisconsin Am. Mut. Ins. Co.*, 2005 WI 72, ¶ 8, 281 Wis. 2d 395, 697 N.W.2d 452.

### Discussion

¶ 6.   Brooks argues various defects in Indianhead's notice of her right to cure render it invalid. We conclude the notice was not valid because it was not filed during the time period mandated by statute. We therefore need not address the other alleged deficiencies in the notice.

¶ 7.   WISCONSIN STAT. § 425.105(1) provides that, with exceptions not relevant here, a merchant may commence an action on a consumer credit transaction "only upon the expiration of 15 days after a notice is given pursuant to s. 425.104." WISCONSIN STAT. § 425.104 allows "[a] merchant who believes that a customer is in default may give the customer written notice of the alleged default and, if applicable, of the customer's right to cure any such default."

¶ 8.   A "default" is defined in relevant part as follows:   "[I]f the interval between scheduled payments is 2 months or less, to have outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after the scheduled or deferred due dates . . . ." WIS. STAT. § 425.103(2)(a).

¶ 9.   The dispute in this case is whether, on the date Indianhead gave Brooks notice of her right to cure the default, there was "outstanding an amount exceed-

ing one full payment which has remained unpaid for more than 10 days." Indianhead argues when one payment is unpaid for more than ten days, the default occurs as soon as a second payment is unpaid. In other words, the ten-day period began running after Brooks missed her first payment, and she defaulted immediately when she missed her second payment. However, this interpretation defies the rules of grammar. The phrase "unpaid for more than 10 days" modifies the entire phrase "amount exceeding one payment," not simply the word "amount."

¶ 10.   We conclude the statute is clear and unambiguous. In cases where payments are scheduled less than two months apart, a consumer is in default when an amount greater than one full payment remains unpaid for over ten days. Here, Brooks' payments were scheduled monthly. She missed her first payment on September 10. At that point, her unpaid balance was exactly one full payment. When she missed her second payment on October 10, her unpaid balance became greater than one full payment. She first became in default when that larger balance remained unpaid for more than a ten-day period. Because the ten-day period began October 10, the October 13 notice was given at a time when Brooks was not yet in default.

¶ 11.   Indianhead argues this failure was merely "technical in nature" and the notice should still be considered valid despite the error. Indianhead argues by analogy to *American Family Mutual Insurance Company v. Royal Insurance Company of America*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992). In *American Family,* the court distinguished between "technical" and "fundamental" defects in pleadings. The court held

825

"technical" defects do not deprive the court of jurisdiction where there is no prejudice to the opposing party. *Id.* at 534.

¶ 12. This argument is not convincing, for two reasons. First, the distinction between "fundamental" and "technical" defects has not been applied outside the jurisdiction context, and the question here is not jurisdictional. A more fitting analogy is Wisconsin's lemon law, another consumer protection statute with a notice component. Under the lemon law, full compliance with statutory rules governing timing and the content of documents is required. *See, e.g., Estate of Riley v. Ford Motor Co.*, 2001 WI App 234, ¶ 9, 248 Wis. 2d 193, 635 N.W.2d 635 (timing of refund); *Berends v. Mack Truck, Inc.*, 2002 WI App 69, ¶ 14, 252 Wis. 2d 371, 643 N.W.2d 158 (content of notice).

¶ 13. Second, this argument ignores the specific language in Wis. Stat. § 425.105(1) prohibiting suits except where "notice is given pursuant to s. 425.104." It is important to note that along with timing requirements, § 425.104 also imposes content requirements for the notice.[4] If the defect here is "technical," as Indianhead argues, virtually all defects in a notice could be considered "technical," and the specific listed requirements in § 425.104 would be rendered optional. This result would be contrary to § 425.105(1) and also contrary to the Consumer Act's goals, which include protecting consumers from misleading practices and encouraging fair practices in consumer transactions. *See* Wis. Stat. § 421.102(2).

---

[4] Among other things, a notice must include certain information identifying the creditor and the transaction, a statement of the total amount due, and an exact date on which payment is due. *See* Wis. Stat. § 425.104(2).

¶ 14.   The statute requires a notice that fully complies with WIS. STAT. § 425.104. Because Indianhead's notice did not meet the timing requirements of §§ 425.104(1) and 425.103(2)(a), Indianhead never gave notice "pursuant to s. 425.104," and it was barred from filing suit by WIS. STAT. § 425.105(1). We therefore reverse the judgment and remand with directions to dismiss Indianhead's complaint without prejudice.[5]

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[5] Indianhead argues this appeal is moot because Brooks already has satisfied her obligation to Indianhead. However, with exceptions not relevant here, a judgment that has been paid must be repaid if the judgment is later reversed. WIS. STAT. § 806.09. Indianhead does not argue that § 806.09 does not apply where a debtor redeems collateral subject to a replevin judgment, and does not develop its argument that its position and that of Brooks will not be affected by reversal. We therefore conclude this appeal will have an effect on the underlying controversy and is not moot. *See McDonald v. McDonald*, 2006 WI App 150, ¶ 13, 294 Wis. 2d 863, 721 N.W.2d 524.