CREDIT ACCEPTANCE CORPORATION,
Plaintiff-Counterclaim-Defendant-Appellant,

v.

CHAO KONG and Pam Her,
Defendants-Counterclaim-Plaintiffs-Respondents.

Court of Appeals

*No. 2011AP476. Submitted on briefs June 5, 2012.
—Decided August 14, 2012.*

2012 WI App 98

(Also reported in 822 N.W.2d 506.)

259

On behalf of the plaintiff-counterclaim-defendant-appellant, the cause was submitted on the briefs of *Lisa M. Lawless* and *Edward J. Heiser, Jr.* of *Whyte Hirschboeck Dudek, S.C.*, Milwaukee.

On behalf of the defendants-counterclaim-plaintiffs-respondents, the cause was submitted on the brief of *Eric L. Crandall, Crandall Law Offices, S.C.*, New Richmond.

Before Hoover, P.J., Peterson and Mangerson, JJ.

¶ 1. MANGERSON, J. Credit Acceptance Corporation appeals a judgment dismissing its deficiency action against Chao Kong and Pam Her and awarding Kong and Her damages for violations of the Wisconsin consumer act (WCA). The principal issue in this case is whether the WCA applies to Credit Acceptance's Wisconsin action to obtain a deficiency judgment. We conclude that it does and that Credit Acceptance failed to give proper notice to Kong and Her before repossessing their vehicle. However, we conclude that Kong and Her are not entitled to statutory damages under Wis. Stat. § 427.104.[1] Accordingly, we modify the judgment and, as modified, affirm.

## BACKGROUND

¶ 2. On February 21, 2008, Kong and Her purchased a vehicle from a dealership in St. Paul, Minnesota. Kong and Her put $1,200 down and borrowed the rest of the purchase price.

¶ 3. The retail installment contract was assigned to Credit Acceptance. It required Kong and Her to make monthly payments commencing on March 22, 2008. The contract included a choice-of-law provision purporting to require application of Minnesota law, and a provision defining "default" as the failure to make any

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

payment when it is due. Under the contract, a default permitted Credit Acceptance to accelerate payment and repossess the vehicle after complying with any legal notice requirements.[2]

¶ 4. Kong and Her made each payment between March and July, though each of those five payments was late. Their fifth payment, due on July 22, 2008, was made on August 5. Kong and Her did not make any subsequent payments, including their payment due on August 22.

¶ 5. On September 24, 2008, Credit Acceptance sent a Notice of Right to Cure Default to both Kong and Her. Kong and Her did not cure the default and in November 2008 Credit Acceptance repossessed their vehicle in Wisconsin. Credit Acceptance then commenced this deficiency action to obtain a monetary judgment for the balance of the purchase price. Kong and Her counterclaimed, seeking damages for violations of the WCA.

¶ 6. On cross-motions for summary judgment, the circuit court concluded the WCA applied. It determined that Credit Acceptance's Notice of Right to Cure Default was premature because Kong and Her were not yet in default under the WCA. Accordingly, it concluded that Credit Acceptance had violated the WCA by engaging in self-help repossession of their vehicle. The court entered judgment for Kong and Her and awarded $9,889.89 under the WCA: $1,889.89 for their payments, $1,200 for their down payment, $5,800 for the value of their vehicle, and $1,000 in statutory damages under WIS. STAT. § 427.105.

---

[2] Minnesota law does not appear to require any notice to a consumer before a creditor repossesses goods following a default. *See* MINN. STAT. ANN. § 336.9–609 (2011).

## DISCUSSION

¶ 7.   We review a grant of summary judgment de novo, applying the same methodology as the circuit court. *Yahnke v. Carson*, 2000 WI 74, ¶ 10, 236 Wis. 2d 257, 613 N.W.2d 102. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). The well-established purpose of summary judgment is to avoid a trial when there is nothing to try. *Yahnke*, 236 Wis. 2d 257, ¶ 10.

¶ 8.   The WCA was designed to protect consumers from unfair, deceptive, and unconscionable merchant practices and may go " 'further to protect consumer interests than any other such legislation in the country.' " *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (quoted source omitted); *see* WIS. STAT. § 421.102(2)(b). The WCA must be liberally construed to promote its underlying purposes and policies, *see* WIS. STAT. § 421.102(1), which include encouraging "fair and economically sound consumer practices in consumer transactions," *LeBakken Rent-To-Own v. Warnell*, 223 Wis. 2d 582, 588, 589 N.W.2d 425 (Ct. App. 1998).

¶ 9.   The central issue in this appeal is whether the WCA governs Credit Acceptance's Wisconsin action for a deficiency judgment. Credit Acceptance argues the WCA does not apply because the contract includes a choice-of-law provision requiring application of Minnesota law. Kong and Her claim the WCA applies by virtue of WIS. STAT. § 421.201(5), which makes certain portions

263

of the WCA applicable to "actions or other proceedings brought in this state to enforce rights arising from consumer transactions." Resolving this dispute requires interpretation of the WCA, which is a question of law. *See Seider v. O'Connell*, 2000 WI 76, ¶ 26, 236 Wis. 2d 211, 612 N.W.2d 659.

¶ 10. The territorial scope of the WCA is governed by Wis. Stat. § 421.201. As pertinent here, subsection (1) states that, except as otherwise provided in § 421.201, the WCA applies only to consumer transactions made in Wisconsin. The statute then describes the circumstances under which a transaction is deemed to be made in this state. *See* Wis. Stat. § 421.201(2). There is no dispute that the transaction here was not made in Wisconsin under § 421.201(2).

¶ 11. However, the WCA may come to govern a transaction even if the transaction is not made in this state. For example, certain portions of the WCA apply to actions or other proceedings "brought in this state to enforce rights arising from consumer transactions . . . wherever made." Wis. Stat. § 421.201(5). In other words, a creditor must comply with certain portions of the WCA (namely, subchapters I and II of Wis. Stat. ch. 425) if it wishes to bring suit in Wisconsin. Thus, when Credit Acceptance filed the present action, it essentially consented to be governed by subchapters I and II of ch. 425.

¶ 12. This is critical because much of Kong's and Her's retail installment contract is at odds with the applicable provisions of the WCA. Under Wisconsin law, a merchant may not commence an action on a consumer credit transaction "unless the merchant believes the customer to be in default . . . and then only upon the expiration of 15 days after a notice is given pursuant to s. 425.104." Wis. Stat. § 425.105. In turn, Wis. Stat. § 425.104(1) states that a merchant "may give the customer written notice of the alleged default and, if appli-

cable, of the customer's right to cure any such default." A "default" under the WCA occurs, in pertinent part, when an amount greater than one full payment remains unpaid for more than ten days.[3] WIS. STAT. § 425.103(2)(a); *Indianhead Motors v. Brooks*, 2006 WI App 266, ¶ 10, 297 Wis. 2d 821, 726 N.W.2d 352.

¶ 13.   Credit Acceptance's notice was premature because Kong and Her were not in default under the WCA at the time the notice was sent. Kong and Her were current with their payments as of August 5, 2008, even though all of their payments were late. They failed to make their next payment, due on August 22, 2008. At that time, exactly one full payment remained unpaid. It was only on September 22, when they missed their next payment, that the unpaid amount exceeded the amount of one full payment. Accordingly, Kong and Her were first in default under the WCA ten days later, or October 2. *See* WIS. STAT. § 425.103(2)(a). Credit Acceptance's September 24 notice was given at a time when Kong and Her were not yet in default. Therefore, the notice was invalid. *See Indianhead Motors*, 297 Wis. 2d 821, ¶¶ 6, 10.

¶ 14.   Because the notice was invalid, Credit Acceptance was not entitled to engage in self-help repossession of the vehicle. Nonjudicial enforcement is sharply

---

[3] Credit Acceptance contends this provision "expressly allows 'default' to be defined by Minnesota law." The WCA definition of "default" states, in essence, that a consumer is in default only if his or her nonpayment is "without justification under any law." WIS. STAT. § 425.103(2). Credit Acceptance contends the WCA definition of default does not apply "because 'default' is defined, or 'justified,' under the contract and Minnesota law." This is a willful misrepresentation of the statute and a totally frivolous argument.

circumscribed by the WCA.[4] *See* WIS. STAT. § 425.206. No merchant may take possession of a motor vehicle unless the merchant provides notice and gives the customer an opportunity to object and proceed in court. *See* WIS. STAT. §§ 425.205(1g)(a), (b); 425.206(1)(d). Thus, the circuit court properly determined Credit Acceptance had violated the applicable provisions of the WCA.

¶ 15.  Credit Acceptance maintains that the WCA is not applicable because of the Minnesota choice-of-law provision. However, such provisions are barred by the WCA. WISCONSIN STAT. § 421.201(10)(a) states that any provision mandating application of the law of another state is invalid "with respect to consumer transactions . . . to which [WIS. STAT.] chs. 421 to 427 apply." We understand Credit Acceptance to be arguing that a choice-of-law provision is not prohibited unless all of chs. 421 to 427 are applicable to the transaction. The legislature's command that the WCA be liberally interpreted in favor of consumers requires us to reject this argument. As long as some portion of the WCA is applicable, no choice-of-law provisions are effective.

■

¶ 16.  Credit Acceptance also challenges some aspects of the circuit court's damages ruling. Because Credit Acceptance violated the WCA's self-help provi-

----

[4] Credit Acceptance concedes it was required to comply with the WCA when repossessing Kong's and Her's vehicle. *See* WIS. STAT. § 421.201(5) ("conduct, action or proceedings to recover collateral . . . subject to a motor vehicle consumer lease shall be governed by the law of the state where the collateral . . . [is] located at the time of recovery"). However, it argues the WCA, including its notice provisions, was inapplicable until Credit Acceptance entered Wisconsin to take the vehicle. As we have explained, this is incorrect. Certain portions of the WCA are applicable to actions brought in this state to enforce rights arising from consumer transactions.

sions, Credit Acceptance was subject to the penalties under Wis. Stat. § 425.305. *See* Wis. Stat. § 425.206(3). Among other things, § 425.305 permits the customer to "retain the goods . . . or money received pursuant to the transaction without obligation to pay any amount." Wis. Stat. § 425.305(1). A customer is also entitled to recover any sums paid to the merchant. Thus, the circuit court properly awarded Kong and Her the vehicle's market value, the down payment, and the payments made pursuant to the credit transaction.[5]

¶ 17.  The circuit court also properly awarded attorney fees. A prevailing consumer is entitled to recover "the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on the customer's behalf . . . together with a reasonable amount for attorney fees." Wis. Stat. § 425.308(1). Credit Acceptance appears to argue that attorney fees were not warranted because it did not violate the WCA. We have concluded otherwise.

¶ 18.  The circuit court also awarded $1,000 in statutory damages under Wis. Stat. §§ 427.104, 427.105(1), and 427.304(1). Section 427.104 is a list of prohibited debt collection practices, the penalty for which includes actual damages and statutory damages of up to $1,000. *See* Wis. Stat. §§ 427.105, 425.304. However, beyond imposing the statutory penalty, the circuit court's written orders do not specify in what prohibited debt collection practice Credit Acceptance

---

[5] Credit Acceptance contends Kong and Her are not entitled to recover their down payment because it was paid to the original merchant, not Credit Acceptance. This argument is frivolous. Under Wis. Stat. § 421.301(25), a "merchant" includes "a seller, . . . creditor, . . . and any assignee of or successor to such person."

engaged. Kong and Her, for their part, have not offered any explanation or defense of the court's $1,000 statutory damages award. *See Hoffman v. Economy Pref. Ins. Co.*, 2000 WI App 22, ¶ 9, 232 Wis. 2d 53, 606 N.W.2d 590 ("An argument to which no response is made may be deemed conceded for purposes of appeal."). Accordingly, we modify the judgment to reduce the damages award by $1,000.

*By the Court.*—Judgment modified and, as modified, affirmed.