COURT OF APPEALS
DECISION
DATED AND FILED

March 28, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP277**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020CV5498**

**IN COURT OF APPEALS
DISTRICT I**

CITIBANK, N.A.,

PLAINTIFF-RESPONDENT,

V.

JEAN PIERRE RIFFARD,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: KEVIN E. MARTENS, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jean Pierre Riffard appeals the order granting Citibank, N.A.'s motion for summary judgment. The dispositive issue on appeal

is whether fees for late payments on a credit card constitute "delinquency charges" as that phrase is used in the Wisconsin Consumer Act ("WCA"). We conclude that the late fees at issue are not delinquency charges that are statutorily required to be itemized on a notice of right to cure and affirm.

## I. BACKGROUND

¶2 Citibank filed the underlying complaint against Riffard in 2020, alleging that Riffard had opened a credit card twenty years earlier and owed Citibank $11,261.19. Riffard answered and Citibank moved for summary judgment.

¶3 Riffard's debt arose from his charges to a Sears Mastercard, an account that Citibank subsequently acquired. The "NOTICE OF RIGHT TO CURE DEFAULT" letter sent to Riffard stated that he was "in default on [a] consumer credit transaction" and that he owed a total of $11,261.19 to Citibank. The notice stated, among other things, that Riffard could cure the default by paying $1,013 on or before July 27, 2020. The notice did not provide any itemization of late fees or delinquency charges. It is undisputed that Riffard was charged $262 in late fees before the notice of right to cure was sent.

¶4 Riffard's primary defense to the action was that Citibank had not properly provided him with notice of his right to cure the default. Riffard claimed he never received a notice of right to cure and that the letter that was purportedly sent was deficient, in part, because it did not separately itemize what he contended were delinquency charges.

¶5 In response to those arguments, Citibank filed an affidavit from its attorney, who averred that his law firm, on behalf of Citibank, had served a

demand letter and right to cure notice on June 22, 2020. Citibank also asserted that it was "statutorily impossible" for the account to have included delinquency charges. According to Citibank, late payment fees are not delinquency charges.

¶6 The circuit court agreed and granted summary judgment to Citibank for $11,261.19 plus statutory costs and fees. After this appeal was underway, Citibank moved to stay briefing pending a resolution of a then-pending petition for review in *Crown Asset Management LLC v. Albahrani*, No. 2020AP1382, unpublished slip op. (WI App Feb. 1, 2022).[1] Riffard did not oppose the motion. The petition for review in *Albahrani* subsequently was denied, the stay was lifted, and briefing in this matter resumed.

## II. DISCUSSION

¶7 On appeal, Riffard argues that the circuit court improperly granted summary judgment in favor of Citibank. This court reviews a circuit court's decision to grant summary judgment independently, applying the same methodology employed by the circuit court, in accordance with WIS. STAT. § 802.08. *See* ***Kohn v. Darlington Cmty. Sch.***, 2005 WI 99, ¶11, 283 Wis. 2d 1, 698 N.W.2d 794. Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sec. 802.08(2).

---

[1] We cite and discuss this authored, unpublished one-judge opinion for its persuasive value pursuant to WIS. STAT. RULE 809.23(3)(b) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶8 There do not appear to be any disputed issues of material fact. Rather, the parties' dispute on appeal is purely one of law hinging on statutory interpretation: whether fees for late payments on an open-end credit plan—i.e., Riffard's credit card account—are delinquency charges that must be itemized on a notice of right to cure under WIS. STAT. § 425.104(2).[2] Statutory interpretation presents a question of law that we review *de novo*. **Roberts v. T.H.E. Ins. Co.**, 2016 WI 20, ¶19, 367 Wis. 2d 386, 879 N.W.2d 492. Our analysis "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." **State ex rel. Kalal v. Circuit Court for Dane Cty.**, 2004 WI 58, ¶45, 271 Wis.2d 633, 681 N.W.2d 110 (citation omitted).

¶9 For purposes of this appeal, it suffices to state that a merchant may not commence any action on a consumer credit transaction until the expiration of fifteen days after a notice of right to cure is given pursuant to WIS. STAT. § 425.104. *See* WIS. STAT. § 425.105(1). As relevant here, a notice of right to cure must contain "a clear statement of the total payment, *including an itemization of any delinquency charges*, or other performance necessary to cure the alleged default[.]" Sec. 425.104(2) (emphasis added). Dismissal of an action is warranted when a merchant fails to properly comply with § 425.104. *See* **Indianhead Motors v. Brooks**, 2006 WI App 266, ¶14, 297 Wis. 2d 821, 726 N.W.2d 352.

¶10 Riffard argues that a late fee is a delinquency charge—it is a charge imposed on an account because it was delinquent. Because Citibank's right to cure did not itemize the late fees, Riffard contends that Citibank "lacked any right

---

[2] Riffard does not contest that his Sears Mastercard was an "open-end credit plan." *See* WIS. STAT. § 421.301(27)(a).

to demand an accelerated amount and the lawsuit must be dismissed." We disagree.

¶11 WISCONSIN STAT. § 422.203 "provides the relevant authority regarding 'delinquency charges' throughout the WCA." *See Albahrani*, No. 2020AP1382, ¶9.

> Specifically, § 422.203(1) authorizes parties to a consumer credit transaction—"other than one pursuant to an open-end credit plan"—to agree to delinquency charges:
>
>> With respect to a consumer credit transaction other than one pursuant to an open-end credit plan, the parties may agree to a delinquency charge on any installment not paid in full on or before the 10th day after its scheduled or deferred due date in an amount not to exceed $10 or 5 percent of the unpaid amount of the installment, whichever is less.
>
> As provided under § 422.203(1), a delinquency charge means a charge imposed as a result of any installment not being paid in full on or before the tenth day after its scheduled or deferred due date.

*Albahrani*, No. 2020AP1382, ¶9.

¶12 Citibank asserts "[w]ithout question" that it does not fall within the class of merchants who may assess a delinquency charge. Its position is that a fee for a late payment on a credit card is not a delinquency charge and that such a fee for a late payment is authorized under a separate section of the WCA. Despite Riffard's attempts to obfuscate things, a plain reading of this statutory language compels us to conclude that it applies to consumer credit transactions other than open-end credit plans such as the one at issue. Therefore, we agree with Citibank's assessment that it falls outside the class of merchants allowed to assess delinquency charges.

¶13 In light of this conclusion, the late fees must be authorized somewhere else in the WCA or they may not be assessed. For that authority, we look to WIS. STAT. § 422.202(2m), which authorizes "charges for late payments." Section 422.202(2m)(a) provides:

> **(2m)** With respect to an open-end credit plan, regardless of when the plan was entered into:
>
> (a) A creditor may charge, collect and receive other fees and charges, in addition to the finance charge authorized under [§] 422.201, that are agreed upon by the creditor and the customer. These other fees and charges may include periodic membership fees, cash advance fees, charges for exceeding a designated credit limit, *charges for late payments*, charges for providing copies of documents and charges for the return of a dishonored check or other payment instrument.

(Emphasis added.) This section "explicitly enumerates 'charges for late payments' among potential charges authorized on an open-end credit plan. Where possible, we give reasonable effect to every word in a statute, in order to avoid surplusage." *Albahrani*, No. 2020AP1382, ¶21.

¶14 *Albahrani* is factually analogous and, while not precedential, the court's legal analysis is highly persuasive. After a detailed analysis of the statutory provisions, the *Albahrani* court concluded:

> [T]he meaning of "delinquency charges" as referenced in WIS. STAT. § 425.104(2) is plain and must be interpreted within the context of WIS. STAT. § 422.203. Section 422.203 does not authorize delinquency charges on an open-end credit plan. WIS. STAT. § 422.202(2m)(a), on the other hand, authorizes "charges for late payments" on an open-end credit plan. Because delinquency charges are not authorized on an open-end credit plan, we can only conclude that the late fees charged to [the consumer's] open-end credit plan were not "delinquency charges" within the meaning of § 422.203 but, rather, "charges for late payments" under § 422.202(2m)(a). Accordingly, [the

creditor] was not required to itemize the charges for late payments on the notice of right to cure.

¶15    The same outcome results here. Citibank was not required to itemize the charges for late payments on the notice of right to cure. *See* WIS. STAT. § 425.104(2).[3]    Consequently, the circuit court appropriately granted Citibank's motion for summary judgment.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Because our resolution of this case based on a plain reading of the statutory text is dispositive, we need not discuss the alternative arguments Riffard makes in his briefing. *See State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 ("If the meaning of the statute is plain, we ordinarily stop the inquiry." (citation omitted)); *see Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).